# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-01653

**THOMAS LEAKE**

    Plaintiff(s),

v.

**THE CITY OF COMMERCE CITY**, a Colorado Municipal Corporation;
**TROY SMITH**, in his individual capacity and in his official capacity as Chief of the Commerce City Police Department; and
**LOWELL RICHARDSON,** in his individual capacity and in his official capacity as Deputy-Chief or Interim-Chief of the Commerce City Police Department; and
**BRIAN MCBROOM**, in his individual capacity and in his official capacity as City Manager for the City of Commerce City.

    Defendant(s).

---

## COMPLAINT AND JURY DEMAND

---

    COMES NOW Plaintiff, THOMAS LEAKE ("Plaintiff" or "Leake"), by and through his legal counsel, the Law Office Of Daniel Schaefer, LLC., and hereby submits his Complaint and Jury Demand.

### I. PARTIES AND VENUE

    1.    The Plaintiff is an individual who resides in the State of Colorado.

1

2. The Defendant, The City of Commerce City (hereinafter referred to as "Commerce City") is a Colorado municipal corporation located at 7887 E. 60th Avenue, Commerce City, Colorado 80022.

3. The Defendant, Troy Smith (hereinafter referred to as "Smith") was at all relevant times, Chief of the Commerce City Police Department or Deputy City Manager, located at 7887 E. 60th Avenue, Commerce City, Colorado 80022.

4. The Defendant, Lowell Richardson (hereinafter referred to as "Richardson") was at all relevant times, Deputy-Chief or Commander of the Commerce City Police Department located at 7887 E. 60th Avenue, Commerce City, Colorado 80022.

5. The Defendant, Brian McBroom (hereinafter referred to as "McBroom") was at all relevant times, City Manager for the City of Commerce City located at 7887 E. 60th Avenue, Commerce City, Colorado 80022.

## II.   JURISDICTION & VENUE

6. This action arises under the Constitution and laws of the United States and 42 U.S.C. §§1983 et seq., as well as under the Constitution and laws of the State of Colorado, Article II, Section 25. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343 (Original Jurisdiction), as well as 28 U.S.C §§ 1367 (Supplemental Jurisdiction). Jurisdiction supporting Plaintiff's claim for attorney's fees is conferred by 42 U.S.C. § 1988(b).

7. Venue in the United States District Court is proper in that the action complained of took place in the State of Colorado, City of Commerce City, and all the parties, upon information and belief, are residents of the state.

### III.   GENERAL ALLEGATIONS

8. Leake served as a Police Officer with the Commerce City Police Department ("CCPD") from June 2001 to approximately August 9th, 2016. As a CCPD Officer, Leake received numerous positive log entries into his personnel file.

9. During the course of Leake's employment Commerce City also employed Deputy Chief Lowell Richardson, who was promoted to the Interim-Chief from March 2016 – 2017, Chief Troy Smith as Police Chief from 2013-2016 and Deputy City Manager thereafter, and Brian McBroom as the City Manager of Commerce City.

10. Leake started work on or about June 2001 and per City Charter Chapter XXI, Sec.21.20(b) was a career service employee during all times relevant to this action.

11. Due to maliciously false and slanderous allegations against Leake on or about December 14th, 2015, Leake was placed on paid administrative leave on or about December 15th, 2015, per the order of Defendant Smith.

12. An internal investigation was conducted into the allegations against Leake which included multiple allegations.

13. According to City of Commerce City - City Charter ("City Charter"), no Career Service Employee may be disciplined or terminated without just cause. A due process investigation procedure is laid out within the City of Commerce City – City Policy ("City Policy"), City Charter and a Collective Bargaining Agreement ("CBA") Leake was subject to.

14. Due Process includes, but is not limited to, the right of notification, the right to be heard, the right of an un-bias, fair investigation, and the right of internal appeal. Most significantly for this action, due process as defined by the CBA, City Policy and City Charter

includes the right to a meaningful, fair and un-bias Career Service Hearing, prior to any final action taken against a Career Service Employee.

15. Leake was first interviewed on or about December 28th, 2015 regarding allegations of misconduct. While he offered multiple pieces of exculpatory evidence, the investigator and the Defendants continuously ignored this evidence and refused to even enter it into the investigation, much less contemplate it prior to reaching their decision.

16. Specifically, Leake presented witnesses that could have refuted the baseless allegations against him by the main complainant (which was a disgruntled ex-girlfriend), but these witnesses were never contacted, much less interviewed or their statements used in the decision-making process.

17. Additionally, Leake offered to surrender his private cell phone and offered photographic evidence from within his home and residence, which could have refuted the allegations against him.

18. Further, Leake pointed out staggering amounts of evidence pointing to the complainant being untruthful, and, allegedly involved in illicit criminal activity, but this was completely ignored and never investigated or contemplated within the investigation.

19. In addition, Defendants ignored the fact that another Police Agency, namely Aurora Police Department, has independently investigated Leake based on the allegations of the Complainant and found no wrong doing on behalf of Leake.

20. Notwithstanding all this existing exculpatory evidence, Defendants collaborated to ignore any such evidence in an effort to deprive Leake from his constitutionally guaranteed Right of Due Process.

21.     Leake maintained his innocence of the charges throughout the investigation, which stretched until March 2016, at which time he was notified by Defendant Smith (then Chief Smith), that he (Smith) was contemplating termination of Leake's employment as disciplinary outcome in the investigation.

22.     Leake appealed timely to Defendant Smith and issued a written rebuttal to the allegations, again pleading to have his exculpatory evidence heard and/ or at least considered.

23.     Defendant Smith disregarded the pleas and had Defendant Richardson (then Interim-Chief) issue a letter of final discipline without any regard to the exculpatory evidence, He refused to issue orders to the investigator to secure the evidence or to take exculpatory witness statements.

24.     Leake appealed this decision to Defendant McBroom in writing, who met with Leake on or about April 27th, 2016 in person to discuss the issues. During this meeting Leake again plead his case and offered the exculpatory evidence. Again, Leake requested that at the very least the witnesses brought forward by him should be interviewed, his phone records should be secured, as well as pictures should be taken from the inside of his residence. Leake again requested to have the evidence at least investigated and considered.

25.     Defendant McBroom, as Smith before him simply ignored the evidence and refused to have someone collect it, interview witnesses and/or even consider such evidence in his decision. Defendant McBroom, instead issued his decision to affirm the final discipline decision of then Interim Chief Richardson.

26.     Leake appealed timely in good faith, and in accordance to the City Charter, for a Career Service Hearing.

27. While waiting for his Career Service Hearing, guaranteed by Charter, CBA and City Policy as required due process step prior to a decision being final, Leake was entering in settlement negotiations with the Defendants.

28. Upon Information and Belief, in an effort to permanently deprive Leake of his due process rights, and to destroy any chance of amicable settlement, Defendant Richardson maliciously and unjustly notified his alleged findings to the Adams County District Attorney's office in July of 2016, accusing Leake of having been untruthful during the investigation (commonly referred to as "Brady Letter").

29. Upon Information and Belief, Richardson did so under the guise of following the guidelines of C.R.S. 24-72-101, *et seq*., and then Colorado SB 15-218, commonly referred to as "Brady notification." With this notification, he maliciously and falsely, publicly accused Leake of being untruthful, even though the investigation and decision thereof was not final at that stage. This "Brady Notification" lead to harm to Leake's reputation and tarnished the same forever and took his property interest in his continued employment.

30. Defendants did not notify Leake of their intention to issue such Brady Notification or the fact that they had sent such notification until after they had transmitted it to the Adams County District Attorney's office on or about July 7th, 2016. The notification to Leake came indirectly, based upon the Public Defender's Office issuing a Subpoena Duces Tecum regarding the underlying investigation mentioned here. Leake requested clarification from the City regarding this subpoena and whether it was related to a Brady Notification on or about July 7th, 2016, to which Defendant Commerce City replied "I am not certain."

31. Upon Information and Belief, the Public Defender's Office received the entire investigatory file, prior to any holding of the Career Service Hearing, or the conclusion of the due process required and guaranteed by the CBA, City Policies, City Charter, the Colorado Constitution, or the U.S. Constitution.

32. Leake attempted to secure such Brady Notification from Defendant Commerce City, but was never provided with a cop of the letter, the specific date it was sent or released, the extend of the content, or the action taken by the Adams County District Attorney's office.

33. To date Leake has not received the content of the alleged "Brady Notification" and, hence, cannot speak directly as to the damaging content. Leake only received notice of the consequence of the notification on or about July 7th, 2016, after the Public Defender's office issued its subpoena.

34. However, due to the release prior to the completion of Leake's due process hearing by Defendant Richardson (notably a right specifically defined as due process by Defendant Commerce City), Leake's reputation was forever tarnished and his ability to secure gainful employment within the law enforcement community was forever destroyed.

35. Upon Information and Belief, the Adams County District Attorney's office still has Leake's name on their "Brady Notification" list.

36. On August 8th, 2016, approximately one month after receiving some notice of the damaging injury to his property rights and reputation, Leake notified Defendant Commerce City of his intent to file a suit for the violations of his constitutionally guaranteed rights. In the same letter Leake was forced to withdraw his appeal to a Career Service Hearing, as this hearing became moot and his due process right had already been violated.

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION – 42 U.S.C. §1983 FOURTEENTH AMENDMENT VIOLATION – DEPRIVATION OF PROPERTY INTEREST WITHOUT DUE PROCESS v. ALL DEFENDANTS

37.   Plaintiff hereby incorporates by reference all averments in this Complaint.

38.   The Fourteenth Amendment provides that no state may deprive a person of life, liberty, or property without due process of law. (See, generally U.S. Const. amend. XIV, § 1). Absent an emergency, an individual generally must be provided some kind of process before he is deprived of one of these protected interests.

39.   Property interests are created and defined by "existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." (*Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577). Here, the Commerce City- City Charter and the Collective Bargaining Agreement specifically created such property interest for Plaintiff. Specifically, by the City Charter, if applied correctly, Plaintiff would have been a "Career Service Employee." As such, the City Charter specifically defined its due process rules. Here, prior to any termination and or finalization of any finding of discipline, City Charter specifically required the completion of a Career Service Hearing, if so desired by the employee.  Hence, "…state or local law…", here the City Charter, "…creates a sufficient expectancy of continued employment." (See *Driggins v. City of Okla. City, Okla.*, 954 F.2d 1511, 1513 (10th Cir. 1992)). Therefore, Plaintiff had an established property right in his continued uninfringed employment and income therefrom as a public employee by the Charter and established by the 14th Amendment which

8

was taken from him by the publication of derogatory, maliciously false, and reputation tarnishing information by the Defendants.

40. Defendants collectively and severally deprived Plaintiff from his right to due process by their publication prior to the completion of the established Due Process procedures and their failure to immediately retract such statements to secure a meaningful Career Service Hearing. First, by not giving him the opportunity to present exculpating evidence. Second, Defendants purposefully and maliciously deprived Plaintiff of his opportunity to clear his name prior to their publications, thereby depriving Plaintiff of the established Career Service Status itself and making any due process hearings required by City Charter a farce at best. Third, by Defendants openly violating their own established Rules regarding due process and depriving Plaintiff of a meaningful and unbiased chance to clear his name.

41. Plaintiff's property interest outweighs the Defendants' interest in regulating that right as set forth in the 14th Amendment of the U.S. Constitution.

42. Defendants' conduct violated clearly established rights belonging to Plaintiff, of which reasonable persons in Defendants' position knew or should have known.

43. Defendants' acts were done under color of state law.

44. A municipality is liable for the single unconstitutional act of a final decision/policy-maker. Here, Deputy Chief Richardson, and Chief Smith were the final decision/policy-makers by virtue of their duties and responsibilities as set forth by Commerce City Charter, the Collective Bargaining Agreement, Municipal Code, the authority and/or responsibility as delegated to him by the City Manager, the Colorado Constitution, and the general laws of the State of Colorado.

45. The City of Commerce City as a municipality is liable in this case because Mr. McBroom, as the City Manager, ratified and approved Chief Smith's and interim Chief Richardson's decision regarding the termination prior to any meaningful chance for Leake to clear his name. Further, Commerce City is also liable as a municipality for the unconstitutional acts of Chief Smith and Interim Chief Richardson because the Chief of Police is a final decision maker with final policy-making authority relating to the policy which the Chief promulgated, administrated, investigated, and enforced.

46. Defendants engaged in the conduct described by this Complaint intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's federally protected constitutional rights.

47. Defendants' conduct proximately caused significant injuries, damages and losses to Leake. Specifically, he has suffered loss of wages, loss of promotional opportunity, loss of opportunity to work in his field of expertise and choice (law enforcement), loss of benefits, loss of seniority, other economic losses, emotional pain, suffering, humiliation, inconvenience, emotional distress, mental anguish, and loss of enjoyment of life.

48. The actions of the Defendants violate the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION – ARTICLE II, SECTION 25 OF THE CONSTITUTION OF THE STATE OF COLORADO – DEPRIVATION OF PROPERTY INTEREST WITHOUT DUE PROCESS v. ALL DEFENDANTS

49. Plaintiff hereby incorporates by reference all averments in this Complaint.

50. Section 25 of Article II of the Colorado Constitution provides analogous to the 14th Amendment, that no public entity may deprive a person of life, liberty, or property without due process of law. (See, generally Colo. Const. II, Section 25). Absent an emergency, an individual generally must be provided some kind of process before he is deprived of one of these protected interests.

51. As stated above, Plaintiff had an established property right in his continued, uninfringed employment and in his integrity.

52. By their malicious publication prior to the completion of the Due Process hearing, Defendants collectively and severally deprived Plaintiff from his constitutional guaranteed right. As stated above, Defendant did so by not giving Plaintiff the opportunity to present exculpating evidence; by purposefully and maliciously depriving Plaintiff of his constitutionally guaranteed right to clear his name via a due process hearing prior to any negative action; by depriving Plaintiff of the established Career Service Status itself and making any due process hearings required by City Charter pointless; and by openly violated their own established Rules regarding due process.

53. Plaintiff's property interest outweighs the Defendants' interest in regulating that right as set forth in the Constitution of the State of Colorado.

54. Defendants' conduct violated clearly established rights belonging to Plaintiff, of which reasonable persons in Defendants' position knew or should have known.

55. Defendants' acts were done under color of state law.

56. As stated above, the municipality is liable for the single unconstitutional act of a final decision/policy-maker, and Defendants Richardson, Smith and McBroom were such final decision/policy-makers by virtue of their duties and responsibilities.

57. Defendants engaged in the conduct described by this Complaint intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiff's federally protected constitutional rights.

58. Defendants' conduct proximately caused significant injuries, damages and losses to Leake. Specifically, he has suffered loss of wages, loss of promotional opportunity, loss of opportunity to work in his field of expertise and choice (law enforcement), loss of benefits, loss of seniority, other economic losses, emotional pain, suffering, humiliation, inconvenience, emotional distress, mental anguish, and loss of enjoyment of life.

59. The actions of the Defendants violate the Constitution of the State of Colorado.

## THIRD CAUSE OF ACTION – 42 U.S.C. §1988(b) – ATTORNEY FEES v. ALL DEFENDANTS

60. Plaintiff hereby incorporates by reference all averments in this Complaint.

61. Pursuant to U.S.C. §1988(b) "…the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the cost, …". (See 42 U.S.C. §1988(b)).

62. Plaintiff respectfully requests reasonable attorney fees in accordance with this statute if held to be prevailing party.

## V.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment for the Plaintiff and against the Defendants and award to the Plaintiff:

a. injunctive relief requiring the Defendants to remedy all adverse employment actions taken against the Plaintiff by the Defendants, including, but not limited to, an order removing the Plaintiff's name from any so called "Brady List" and enforce a written retraction by Defendants regarding their Notification to the Adams County District Attorney's Office;

b. damages for all injuries suffered by the Plaintiff, including, but not limited to, damages for loss of income, loss of promotional opportunities and retirement benefits, loss of professional and career opportunities, injury to reputation and emotional distress;

c. punitive damages;

d. prejudgment and post judgment interest;

e. costs and reasonable attorney fees; and

f. such other and further relief as this Court deems just and proper.

Dated July 7th, 2017,

/s/ Daniel Schaefer
*Daniel B. Schaefer, Esq.*
The Law Office Of Daniel Schaefer
14650 Benton Street
Broomfield, CO 80022
Telephone: (720) 206-7894
E-mail: daniel@danschaeferlaw.com
Attorney for Plaintiff Thomas Leake