IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 17-cv-01653-RPM

THOMAS LEAKE,

      Plaintiff,
v.

THE CITY OF COMMERCE CITY, a Colorado Municipal Corporation;
TROY SMITH, in his individual capacity and in his official capacity as Chief of the Commerce City Police Department; and
LOWELL RICHARDSON, in his individual capacity and in his official capacity as Deputy-Chief or Interim Chief of the Commerce City Police Department; and
BRIAN MCBROOM, in his individual capacity an in is official capacity as City Manager for the City of Commerce City,

      Defendants.

_____

ORDER DISMISSING CIVIL ACTION
_____

In his complaint (Doc. 8) Thomas Leake alleges that the defendants violated his property rights to continued employment as a Commerce City police officer and his liberty interest in his good name and reputation in violation of the protection of the Fourteenth Amendment to the United States Constitution and Article II, Section 25 of the Colorado Constitution.

The factual allegations, in summary, are that Leake served as a police officer from June, 2001 to his termination on August 9, 2016.  He was placed on administrative leave in December, 2015 as a result of malicious and slanderous allegations made by a "disgruntled ex-girlfriend".  The investigation of those allegations was flawed and unfair. Leake followed the procedures required by the City's policies with an appeal entitling him to a Career Service Hearing under the City Charter.  Before that hearing, the

defendant Richardson, as interim Chief of Police, notified the District Attorney for Adams County that Leake had been found to be untruthful during the investigation in a "Brady Letter" in July, 2016. That was sent pursuant to the requirements of C.R.S. § 24-33.5-114(b)(4)(a) and the requirements of Maryland v. Brady, 373 U.S. 83 (1963). The Investigative file was obtained by the Public Defender pursuant to subpoena.

On August 8, 2016 Leake sent a letter withdrawing his appeal for a Career Service Hearing and notifying his intent to file this action.

The defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docs. 8 and 11). The plaintiff filed responses. (Docs. 12 and 13).

The plaintiff claims that it was futile to proceed to the Career Service Hearing because the Brady letter destroyed his career as a police officer. He does not explain why a vindication of his innocence at such a hearing would not have restored him to his position and a withdrawal of the Brady letter.

There is no plausible constitutional violation alleged. The defendants had an obligation to comply with the requirement by statute and City is absolved from liability by C.R.S. § 24-33.5-114(5).

The individual defendants have qualified immunity because the plaintiff has failed to cite any clearly established law that would make them aware that they were violating the Constitutions, it is

ORDERED that the motions to dismiss are granted and this civil action is dismissed.

DATED: October 30, 2017

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge